GAUDIN, Judge.
Mrs. Sharon C. Bonstaff purchased a new home from Jefferson United Enterprises, Inc. on April 10, 1984 and shortly thereafter she and her family moved in. She later filed this redhibition suit under LSA-C.C. art. 2520 contending, primarily, that the tiled kitchen floor was tilted. Art. 2520 reads:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
Judgment was rendered in Mrs. Bon-staff’s favor in the amount of $11,875.00, subject to a $395.00 credit due Jefferson United, plus legal interest and costs. Jefferson United, on appeal, argues that the admittedly defective kitchen floor was obvious and that Mrs. Bonstaff, if she had made a simple inspection, should have seen the construction flaw.
Appellant relies on the wording of LSA-C.C. art. 2521, which states:
“Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.”
Mrs. Bonstaff purchased the subject home, 725 Maryland Avenue in Kenner, Louisiana, with her separate funds. She and her husband, Joey Bonstaff, have a marriage contract, and Mr. Bonstaff did not see the house’s interior until after the act of sale.
Prior to the purchase, Mrs. Bonstaff did not make a lengthy inspection as the house was new and she did not anticipate any defects. She did, however, recognize the uneven kitchen floor when her husband brought it to her attention after the Bon-staffs moved into the house. Mrs. Bon-staff testified that she is uncertain if she, on her own, would have seen the slanted floor had she looked more closely before buying.
Norman Joseph, president of Jefferson United, readily acknowledged that there was a problem with the kitchen slab as did appellant’s on-the-job supervisor, Larry Deogracias. Mr. Joseph wanted to pull up the vinyl linoleum and attempt to grind the slab level rather than removing the slab and pouring another one as the Bonstaffs wanted.
In any event, the trial judge no doubt was impressed by the testimony of Robert Guillot, a contractor who has been in the construction business since 1965 and who testified as an expert witness. Mr. Guillot described the defects in the kitchen and elsewhere and said that repairs would cost $11,875.00 with approximately 90 per cent of this sum needed to fix the kitchen slab. The kitchen slab, he said, tilts approximately one inch from one side of the room to the other.
Appellant cites Pursell v. Kelly, 244 La. 323, 152 So.2d 36 (1963), and four court of appeal cases wherein purchasers were penalized for making quick inspections and overlooking obvious defects. These cases did not involve the purchase of new homes, however. In Pursell, the purchased structure was over 40 years old.
Here, the trial judge found, at least partially because the subject residence was new, that the inspection Mrs. Bonstaff did *876 make was legally sufficient. Mrs. Bon-staff said:
“I went in ... I went there to get the keys; I went in the house, I went through the halls ...”
We cannot say the trial judge erred in making this determination and we cannot say he was wrong in finding that the amount of $11,875.00, minus the credit, was due Mrs. Bonstaff. Appellant did not contend that the kitchen slab was not deformed; instead, Jefferson United argues only that the flaw was so apparent it shouldn’t have to pay. Why, we wonder, if the imperfections were that apparent, were they not pointed out to Mrs. Bonstaff before the act of sale? A seller who knows of defects as obvious as these allegedly were has a duty to inform the buyer, particularly if something new is being sold.
Regardless, the instant judgment is supported by the facts, circumstances and testimony, and we affirm it. Jefferson United is to bear the costs of this appeal.
AFFIRMED.